## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

KATHERINE R. SLOCUM,                    )
                                        )
              Plaintiff,          )
                                        )
vs.                                     )
                                        )         Case No. 08-CV-756-GKF-PJC
CITY OF CLAREMORE,                      )
                                        )
              Defendant.          )

### OPINION AND ORDER

This matter comes before the court on defendant's Motion to Dismiss [Doc. No. 6] filed pursuant to Fed.R.Civ.P. 12(b)(6) and LCvR 7.2.  For the reasons set forth below, defendant's motion is granted.

### I. Background

### A.  Current Action

This matter arises from alleged wrongful conduct by the City of Claremore against plaintiff Katherine R. Slocum.  Slocum filed suit on December 11, 2008, in Rogers County District Court, alleging that over a period of two years and eight months,  Claremore police illegally placed surveillance equipment in her home, harassed her during a stay at Laureate Hospital, eavesdropped on her,  violated her right to privacy, slandered and spread malicious rumors about her, discriminated against her based on her disability, violated her constitutional rights, illegally obtained her financial records, and falsely imprisoned her.  Plaintiff asserted 18 "Propositions" which appear to be claims  for relief for: (1) violation of plaintiff's right to privacy under 18 U.S.C. §2518(10)(a); (2) violation of plaintiff's right to privacy under HIPAA; (3) intentional infliction of emotional distress and harassment; (4) slander/defamation; (5) violation

of the Americans with Disabilities Act; (6) violation of plaintiff's First Amendment right to free

speech, press and association; (7) violation of plaintiff's right to due process under the Fifth and

Fourteenth Amendments; (8) abuse of due process in violation of the Fifth and Fourteenth

Amendments; (9) cruel and unusual punishment in violation of the Fifth and Eighth Amendments;

(10) violation of Oklahoma's Computer Crimes Act; (11) alienation and separation of a 22-year

marriage relationship; (12) infringement of plaintiff's right of privacy under 21 O.S. §1171; (13)

abuse of process in violation of the Fifth and Fourteenth Amendments "in order to induce the

plaintiff at Rogers State University regarding disability services liability"; (14) videotaping

plaintiff in her shower, bathroom and dressing room and publishing the videos to various radio

and network broadcasters in violation of 21 O.S. §1171; (16)[1] illegal surveillance of plaintiff and

her spouse in their home, in violation of the Fourteenth Amendment; (18)[2] violation of the

Oklahoma Financial Privacy Act, 6 O.S. §2201 by illegally obtaining plaintiff's financial records;

(19) false imprisonment in violation of "42 U.S.C. 10701 (OSCN 2008), Chapter 113 State

Justice Institute"; and criminal conspiracy with Rogers State University and plaintiff's former

employer, Corporate Express.

    In response to defendant's Motion to Dismiss, plaintiff has agreed to dismissal of

Propositions 4, 6, 9, 18, 19 and 20.  Thus, Propositions 1-3, 5, 7-8, and 10-14, and 16 remain to be

addressed.

### B.  Case No. 08-CV-436-GKF-PJC

    On June 23, 2008, Plaintiff filed an earlier lawsuit that appears to have been based upon

---

[1]The petition does not contain a Proposition 15. [Doc. No. 2-2].

[2]The petition does not contain a Proposition 17. [*Id.*]

the same facts giving rise to this action.  The suit, filed in Rogers County District Court and removed by defendant to federal court, was styled *Kathryn R. Slocum v. City of Claremore, Oklahoma,* Case No. 08-CV-436-GKF-PJC. [08-CV-436-GKF-PJC, Doc. No. 2-2, ].  As in this case, plaintiff alleged the City of Claremore had retaliated against her after a complaint to the Rogers Sate University administration; denied her right to privacy; intentionally inflicted emotional upset upon her; "tortured" her with "malicious intentions;" denied her due process of law; caused alienation and separation of her 22-year marriage relationship; denied her right to freedom of religion, conducted illegal surveillance of her in her house and published "nude video" to various network broadcasters; videotaped her having sex with her spouse and then broadcast the event on Neal Boortz radio broadcast; sexually harassed and abused her; and slandered her. [*Id.*] Plaintiff sought actual and punitive damages and injunctive relief.  The City of Claremore filed a Motion to Dismiss all claims in the lawsuit. [*Id.,* Doc. No. 7].  Plaintiff failed to respond to the motion and the City of Claremore filed an Application to Deem Motion Confessed [*Id.,* Doc. No. 9].  On November 24, 2008, the court entered an order granting the Application to Deem Motion Confessed and the Motion to Dismiss. [*Id.,* Doc. No. 10].

Defendant asserts this action is barred by the doctrine of *res judicata* as a result the court's order of dismissal of the earlier lawsuit.  Alternatively, defendant argues pursuant to Fed.R.Civ.P. 12(b)(6) that plaintiff has failed to state any claim upon which relief can be granted.

## II.  Analysis

### A.  *Res Judicata*

A comparison of this matter to the previous suit, Case No. 08-CIV-436-GKF-PJC, demonstrates both arise from the same operative facts and plaintiff asserts similar claims in both.

3

However, the applicability of the doctrine of *res judicata* to the claims case depends on whether the court's ruling in the previous case operated as a dismissal with prejudice of plaintiff's claims therein.

The Tenth Circuit has held "that a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA,* 354 F.3d 1174, 1177 (10th Cir. 2003), quoting *Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir. 2002). The court in *Issa* commented:

> "...it is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.

354 F.3d at 1177-78 (citations omitted). The court in *Issa* acknowledged a district court has discretion to sanction a party for failure to comply with local or federal procedural rules, including dismissal of the party's case with prejudice or entry of judgment against the party. *Id.* at 1178. However, in doing so, the district court must perform an explicit analysis of three factors set forth in *Meade v. Grubbs,* 841 F.2d 1512, 1519-22 (10th Cir. 1988). *Id.* Those three factors are: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Id.* at 1177.

The court's order in the previous case contained neither a *Meade* analysis indicating the court was dismissing the case as a sanction, nor a detailed discussion of the failings of the allegations of plaintiff's complaint. Moreover, the previous dismissal did not explicitly state that the dismissal was with prejudice. Therefore, the court finds it would be inappropriate to apply the

4

doctrine of *res judicata* to bar plaintiff's claims in this case.

## B.  Rule 12(b)(6) Analysis

### 1.  Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570(2007).  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 556 (internal quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted  it as a middle ground between "heightened  fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow.  *Robbins*, 519 F.3d at 1247, citing *Twombly*, 550 U.S. at 555, 570.   Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief.  *Robbins*, 519 F.3d at 1247.  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable

prospect of success, but also to inform the defendants of the actual grounds of the claim against

them." *Id*. at 1248.  The court commented:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint:
> if they are so general that they encompass a wide swath of conduct, much of it innocent,
> then the plaintiffs "have not nudged their claims across the line from conceivable to
> plausible." *Id*. at 1974.  The allegations must be enough that, if assumed to be true, the
> plaintiff plausibly (not just speculatively) has a claim for relief.

*Id.* at 1247.

## 2.  Plaintiff's Complaint

The allegations of the Complaint reveal that a conflict arose between plaintiff and the

professors and administrators of Rogers State University in Claremore, where she was attending

classes. [Doc. 2-2, p. 3].   Plaintiff alleges:

> Well I told my Voc Rehab counselor what happened, and he told me to write the
> Student Disabilities office on campus, and tell them what happened; I did so at his
> advice.  It created a problem, because they got worried about liability about it, and
> I thought the incident was over.  Then the school retaliated against me, and they
> got the campus police involved, and they ran a background check on me through
> the Claremore Police who went through the Tulsa Police Department, and
> evidently there was a file in Tulsa from 2001, that referenced back to Corporate
> Express [plaintiff's previous employer].  There were no warrants, but the Campus
> police had one of my professors threaten me with arrest from something that
> happened twenty-six years ago.  I told the school they were breaking federal laws,
> and that is when the Claremore Police put the surveillance equipment in my home,
> and I have been under their surveillance for two years eight months.
>
> As a result of all this happening I was having trouble sleeping–go figure.  So that
> evening I went down to Laureate to see if my doctor could give me something for
> sleep.  My doctor happened to be on duty that night.  My husband was with me,
> and I was not manic or having any other problems than sleep.  My doctor said
> if you want you can spend the night, and we will give you something to help you
> sleep.  So I did stay the night that ended up being eight days of hell.  There was
> an illegal incident that happened at Laureate Hospital involving your defendants.
> The defendants followed me to Laureate Psychiatric Hospital and harassed me on
> the unit of the hospital.  Laureate doctors sedated me for eight days, and lied to
> me about what kind of medicine they were giving me.  The plaintiff has lab tests
> for evidence to prove that fact.  Because of the incidents that happened at the hospital

6

the Claremore police broke into, and entered my home without a warrant, and installed surveillance equipment.  The plaintiff has been under their surveillance for the last two years eight months to this present day.

*Id.,* p. 4].

As instructed by *Robbins,* the court reviews the allegations of plaintiff's complaint with the objective of (1) weeding out claims that, absent additional pleadings, do not have a reasonable prospect of success and (2) ascertaining whether the allegations inform the defendant of the actual grounds of the claim against it.  519 F.3d at 1248.  *See also VanZandt  v. Oklahoma Dept. Of Human Services,* 276 Fed.Appx., 843, 847 (10th Cir. 2008) (unpublished opinion).  The court in *Robbins* noted, "The *Twombly* Court was particularly critical of complaints that mentioned no specific time, place or person involved in the alleged conspiracies," because "[g]iven such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations...would have little idea where to begin."   519 F.3d at 1248 (citations omitted).

The degree of specificity necessary to establish plausibility and fair notice, and therefore, the need to include specific factual allegations, depends on context.  *Id.* at 1248.  The Tenth Circuit in *Robbins* noted that a simple negligence action based on an automobile accident may require little more than the allegation that defendant negligently struck plaintiff while crossing a particular highway on a specified date and time.  *Id.*  However, the court  pointed out:

> The complaint in *Twombly* was inadequate because the plaintiff failed to plead any facts to show "contract, combination...or conspiracy, in restraint of trade" beyond a bare allegation of parallel conduct that could be explained as identical but independent action.  Sherman Act §1, 15 U.S.C. §1.  Given that the complaint encompassed scenarios under which the defendants conspired to engage in parallel conduct *and* those in which they did not, the Court found that the likelihood that the plaintiff would be entitled to relief, even if all the allegations were true, fell short.  To allow such a complaint to proceed would impose the cost of discovery on the defendants for no plausible basis.  "[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope

to avoid the potentially enormous expense of discovery in cases with no 'reasonably
founded hope that the [discovery] process will reveal evidence to support a §1 claim."
*Twombly,* 127 S.Ct. At 1967.

519 F.3d at 1248 (further internal citations omitted).

The court has a similar concern in this case.  The bizarre scenario painted by plaintiff's

Complaint would suggest that as a result of a conflict plaintiff had with a state university, the City

of Claremore became involved in a conspiracy with the university, Laureate Hospital and others,

pursuant to which the Claremore police refused to investigate plaintiff's complaints, bugged her

house, trailer and vehicle, in order to conduct ongoing illegal surveillance of her activities,

threatened her life, published her medical records and other confidential information, and  made

harassing or obscene phone calls to her.

The tenuousness of the City of Claremore's connection to the original conflict and the

nature of the allegations against the city lead this court to conclude plaintiff has failed to plead the

alleged wrongdoing of the city with the specificity required by *Twombly* and *Robbins.*

Additionally, a number of the claims simply have no basis in law.  The specific claims are

discussed below.

**Proposition 1**

Plaintiff contends defendant violated her right to privacy and the Federal Wiretap Act, 18

U.S.C. §§2510, 2518 (10)(a), by breaking into her house and placing "illegal surveillance

equipment in her home, and automobile, and camping trailer," and she and her husband "have

been under the electronic surveillance for two years eight months." [Doc. 2-2, Proposition 1].

Plaintiff states, "Under the Federal Act any aggrieved person may move to suppress the contents

of an intercepted wire or oral communication if it is intercepted unlawfully, which is an

8

infringement on 18 U.S.C. §2518(10)(a)."

Courts recognize "a zone of privacy protected by the penumbra of a variety of provisions of the Bill of Rights." *Eastwood v. Department of Corrections of the State of Oklahoma,* 846 F.2d 627, 630 (10th Cir. 1988).

> This penumbra protects two kinds of privacy interests: the individual's interest in avoiding disclosure of personal matters and the interest in being independent when making certain kinds of personal decisions.

*Id.,* citing *Whalen v. Roe,* 429 U.S. 589, 599 (1977).

The Electronic Communications Privacy Act, 18 U.S.C. §2510 *et seq.,* creates civil liability for the intentional interception of wire, oral or electronic communications. *See Williams v. City of Tulsa,* 393 F.Supp.2d 1124, 1132 (N.D. Okla. 2005). The act does not prohibit silent video surveillance, but only interception of communications. *Id.* The Tenth Circuit has not addressed the issue of whether the act creates civil liability for municipalities, and other circuits are divided. *Id.* In *Williams,* Judge H. Dale Cook, following the reasoning of the Sixth Circuit in *Adams v. City of Battle Creek,* 250 F.3d 980, 985 (6th Cir. 2001) and the 2001 amendment to §2520 (which explicitly exempted the United States from liability under the act), held the act extends civil liability to municipalities. 393 F.Supp.2d at 1132-33.

However, plaintiff's Complaint fails to provide sufficient detail to meet the pleading standards of *Twombly* and *Robbins.* The Complaint does not provide any information about what individual(s) with the City of Claremore installed electronic surveillance equipment, what surveillance equipment was installed, when it was installed, or for what purpose. It does not allege the surveillance equipment intercepted wire, oral or electronic communications. It does not state whether plaintiff is seeking suppression of such communications, damages or some other

form of relief.

Plaintiff's allegations on this proposition fall short of a plausible entitlement to relief. Therefore, Proposition 1 must be dismissed.

**Proposition 2**

Plaintiff claims in Proposition 2 that defendant denied her right to privacy by "transgressing the HIPPA [sic] laws by disclosing the plaintiff's personal medical records on a national radio broadcast, and other radio broadcasts specifically June 13th, 2008; which is an infringement to 42 U.S.C. §1320(d)." [Doc. No. 2-2, p. 6].  However, HIPAA does not create a private right of action for alleged disclosure confidential medical information.  HIPAA provides for both civil and criminal penalties to be imposed upon individuals who improperly handle or disclose individually identifiable health information.  41 U.S.C. §1320d-5 to d-6.   The Secretary of Health and Human Services, rather than private individuals, is vested with enforcement authority.  *Id.*; *see Acara v. Banks,* 470 F.3d 569, 571 (5th Cir. 2006); *University of Colorado Hosp. v. Denver Pub. Co.,* 340 F.Supp.2d 1142, 1144-45 (D.Colo. 2004)*; Logan v. Dept. ov Veterans Affairs,* 357 F.Supp.2d 149,155 (D.D.C. 2004); *O'Donnell v. Blue Cross Blue Shield of Wyoming,* 173 F.Supp.2d 1176, 1179-80 (D. Wyo. 1001).  Therefore, Proposition 2 must be dismissed.

**Proposition 3**

In Proposition 3, plaintiff alleges defendant "intentionally inflicted the plaintiff with emotional distress, and torturous harassment by threatening her life, her family's lives for the past two years eight months to this present day....'harassment' shall include, but not be limited to, harassing or obscene telephone calls in violation of Section 1172 of Title 21 of the Oklahoma

10

Statutes and fear of death or bodily injury." [Doc. No. 2-2, p. 6].[3]

To state a claim for intentional infliction of emotional distress, plaintiff must allege "extreme and outrageous conduct coupled with severe emotional distress." *Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002). The requisite elements of the claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Id.* Here, plaintiff makes references to "threatening her life, her family's lives" and "obscene telephone calls, " but provides no information about how she concludes the calls were made by an agent or employee of the municipal defendants, who made the alleged threats and obscene phone calls, when the threats or calls were made, or what was said. The allegations are insufficient to provide defendant with the required notice under *Twombly* and *Robbins,* and do not constitute a plausible claim against the defendant. Therefore, Proposition 3 must be dismissed.

### Proposition 5

Plaintiff alleges in Proposition 5 that defendant has violated the Americans With Disabilities Act, 42 U.S.C. §12131 *et seq.,* "by discriminating against the plaintiff's disability in public communications, and the plaintiff was denied fair, and equal access to criminal investigations because of the discrimination against the disability." [Doc. No. 2-2, p. 6]. Specifically, plaintiff alleges:

The plaintiff attempted to file crime reports with absolutely no investigation

---

[3]Under 21 O.S. §1172, any person who makes obscene, threatening or harassing telephone calls is subject to misdemeanor or felony prosecution. However, the statute creates no private cause of action.

> done by the Claremore Police, because of the fact that Rogers State Campus
> Police, and a Tulsa police officer were alleged to be involved in the harassment,
> and sexual assault of plaintiff at Laureate Psychiatric Hospital in January of
> 2006, which is an infringement to 42 U.S.C. 12131."

*Id.* Title II of the Americans With Disabilities Act ("ADA") provides that "no qualified

individual with a disability shall, by reason of such disability, be excluded from participation in or

be denied the benefits of the services, programs, or activities of a public entity, or be subject to

discrimination by such entity. 42 U.S.C. §12132. To state a claim under Title II, plaintiff must

allege that (1) she is a qualified individual with a disability, (2) who was excluded from

participation in or denied the benefits of a public entity's services, programs or activities, and (3)

such exclusion, denial of benefits, or discrimination was by reason of a disability. *Robertson v.*

*Las Animas County Sheriff's Dept.,* 500 F.3d 1185, 1193 (10th Cir. 2007).

The ADA defines a "disability" as "a physical or mental impairment that substantially

limits one or more of the major life activities of such individual." 42 U.S.C. §12102(2)(A).

Interpreting this provision, the Supreme Court has stated:

> It is insufficient for individuals attempting to prove disability status under the
> test to merely submit evidence of a medical diagnosis of an impairment. Instead,
> the ADA requires those claiming the Act's protection...to prove a disability by
> offering evidence that the extent of the limitation [caused by their impairment] in
> terms of their own experience...is substantial."

*Toyota Motor Manufacturing, Kentucky, Inc. v. Williams,* 534 U.S. 184, 198 (2002) (citations

omitted).

Plaintiff's complaint fails to describe any ADA "disability" on her part; fails to state what

City of Claremore employee or employees refused to pursue claims, what service, program or

activity she was either excluded from participation in or denied the benefits of, or when the

alleged wrongdoing took place. The complaint is not sufficient to put defendant on notice of the

12

alleged ADA violation.  Therefore, Proposition 5 must be dismissed.

**Propositions 7 and 8**

In Proposition 7, plaintiff alleges:

> The defendant has denied the plaintiff's constitutional rights where by they abused the due process of law to deny the plaintiff's Constitutional Bill of Rights in order to cohere [sic] the plaintiff, which is an infringement to the U.S. Constitution the Fifth and Fourteenth Amendments.  The plaintiff has been threatened for the last two years, and eight months with arrest.  No warrants were served, and no arrests have been made.

[Doc. No. 2-2, p. 7].   In Proposition 8, plaintiff alleges:

> The defendant has denied the plaintiff's constitutional rights where by they abused the process of law to deny the plaintiff's Constitutional Bill of Rights in order to cohere [sic] plaintiff; which is an infringement to the U.S. Constitution the Fifth and Fourteenth Amendments.

[*Id.*]   It is impossible to discern from plaintiff's Complaint the basis for the alleged violation of her Fifth and Fourteenth Amendment rights.  Plaintiff alleges in Proposition 7 that she has been threatened with arrest, but no arrest has been made.  Plaintiff also makes statements elsewhere in the Complaint about alleged illegal surveillance of her home, but does not reference the surveillance in Propositions 7 and 8.  The Complaint provides no information about what individual or individuals violated her constitutional rights, no facts from which the court might discern whether she is alleging violation of substantive due process or procedural due process, and no description of how the alleged violations occurred.  Thus, the generalized allegations contained in Propositions 7 and 8 fail the meet the pleading requirements of *Twombly* and *Robbins* and must be dismissed.

13

## Proposition 10

Plaintiff alleges in Proposition 10:

> The defendant hacked into, and put surveillance software on the plaintiff's computer, and published it to radio broadcaster, and network broadcasters. The plaintiff's identity was published as a result including all her personal financial information; which is an infringement to Oklahoma Statutes Title 21, Chapter 70 Oklahoma Computer Crimes Act Section 1955. Amended by laws 1999, H.B. 1009X (1st Ex. Sess. 1999) §312, emerg. Eff. July 1, 1999.

[Doc. No. 2-2, p. 7]. The statute cited by plaintiff provides for punishments of fines and/or imprisonment for violation of the Oklahoma Computer Crimes Act. 21 O.S. §1955(A) and (B). Furthermore, the victim of such a crime may bring a civil action against any person convicted of a violation of the act. Here, however, plaintiff makes no allegation defendant has been convicted or even charged with a violation of the act. Therefore, Proposition 10 must be dismissed.

## Proposition 11

Plaintiff alleges in Proposition 11:

> As a result of personal injury, and financial distress the Plaintiff experienced alienation, and separation of a twenty-two year Marriage Relationship. The plaintiff has been separated from her spouse since December 2007.

[Doc. No. 2-2, p. 8]. Proposition 11 makes no reference at all to defendant, any alleged wrongdoing by defendant or any plausible connection between the defendant and plaintiff's separation from her spouse. The proposition does not specify what relief, if any, plaintiff seeks. Proposition 11 fails to meet the pleading standards set forth in *Twombly* and *Robbins* and must therefore be dismissed.

## Proposition 12

In Proposition 12, plaintiff alleges:

> The defendant has denied the plaintiff's right to privacy, whereby they placed video,

14

and audio surveillance equipment in the plaintiff's home, and in her father's home, and released private information about the plaintiff to various national broadcasters from November of 2007 to this present day, which is an infringement to Oklahoma Statutes Title 21 Chapter 47A Section 1171.

[Doc. No. 2-2, p. 8].  Plaintiff cites Oklahoma's "Peeping Tom" statute, which subjects persons who unlawfully and willfully watch, gaze or look upon any person in a clandestine manner, or use photographic, electronic or video equipment to do so, to potential fines and imprisonment.  21 O.S. §1171.  The statute does not confer a private right of action against offenders by alleged victims.  *Id.*  Therefore, Proposition 12 must be dismissed for failure to state a claim upon which relief can be granted.

## Proposition 13

Proposition 13 states:

The defendant has denied the plaintiff's constitutional rights where by they abused the due process of law to deny the plaintiff's Constitutional Bill of Rights in order to induce the plaintiff at Rogers State University regarding disability services liability, which is an infringement to the U.S. Constitution the Fifth and Fourteenth Amendments.

[Doc. No. 2-2, p. 8].   The language of Proposition 13 is unintelligible.  It is impossible to discern from this statement *how* the defendant, City of Claremore, is alleged to have "induced" the plaintiff at Rogers State University, *what* defendant induced plaintiff to do, or how any conduct of defendant was wrongful or violated plaintiff's Fifth and Fourteenth Amendment rights. Proposition 13 is therefore dismissed.

## Proposition 14

In Proposition 14, plaintiff alleges:

The defendant video taped the plaintiff in her shower, bathroom, and dressing room, and then published the videos to various radio, and network broadcasters, which is an infringement to the Oklahoma Statutes Title 21, Chapter 47A

Section 1171.

As noted in the discussion of Proposition 12 above, 21 O.S. §1171 is a criminal statute imposing fines and imprisonment for "peeping tom" activities.  The statute does not create or confer a private right of action on behalf of the alleged victim.  21 O.S. §1171.  Therefore, Proposition 14 is dismissed for failure to state a claim upon which relief can be granted.

## Proposition 16

> The defendant denied the plaintiff's right to due process under the law; which is an infringement to the Fourteenth Amendment under the U.S. Constitution due to the fact that the plaintiff, and her spouse, have been under electronic surveillance for two years eight months to this present day.  The plaintiff has evidence that the police had contractors entered [sic] the plaintiff's home under false pretenses to remove the surveillance equipment.

[Doc. No. 2-2, p. 8].   Plaintiff also alleges the Oklahoma Constitution, art. 2 §30 constitutes "a bona fide, separate, adequate, and independent grounds upon which we rest our finding that the illegal search prohibition pertains equally to civil and criminal proceedings." [*Id.,* p. 9].   As observed in the discussion of Propositions 7 and 8 above, plaintiff appears to be alleging defendant installed and maintained illegal surveillance equipment in plaintiff's home in violation of plaintiff's due process rights.   However, as with Propositions 7 and 8, Proposition 16 fails to allege facts sufficient to put defendant on notice concerning what individual or individuals were responsible for the alleged surveillance, when the equipment was installed and removed, what activity was under surveillance or why defendant allegedly conducted surveillance.  Proposition 16 is not plausible, does not meet the pleading requirements of *Twombly* and *Robbins,* and therefore must be dismissed.

### III.  Conclusion

For the reasons set forth above, defendant's Motion to Dismiss [Doc. No. 6] is granted.

ENTERED this 28th  day of August, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma